

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00248-CR

———————————————————

JERRY LYNN NEW JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1877383

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

Appellant Jerry Lynn New Jr. appeals his conviction for indecency with a child by contact for which he was sentenced to ten years' confinement. *See* Tex. Penal Code § 21.11(d). In a single point, Appellant argues that the trial court abused its discretion when it denied his motion for mistrial. The wording of Appellant's issue makes it appear as if he urged a single motion for mistrial, but as noted in the State's brief, Appellant moved for mistrial several times throughout the four-day trial. Appellant, however, fails to set forth the testimony that prompted his mistrial motion or even provide a record reference to direct us to the complained-of ruling. Appellant's failure to set forth which motion-for-mistrial ruling he is complaining about makes analyzing his sole point an onerous task for this court. After reviewing the State's helpful summary of Appellant's mistrial motions[1] and the record, we affirm.

## II. Inadequate Briefing

Just as we did in a recent opinion involving a brief submitted by Appellant's appellate counsel,[2] we begin with the elephant in the room—Appellant's inadequate

---

[1]The State's brief discloses that Appellant urged motions for mistrial during the State's opening statement, during the State's questioning of the complainant's mother (Mother), and during the punishment charge conference.

[2]*See Solis v. State*, No. 02-25-00279-CR, 2026 WL 1614705, at *1 (Tex. App.—Fort Worth June 4, 2026, no pet. h.) (mem. op., not designated for publication).

briefing. At the outset we note that despite being mandated by Texas Rule of Appellate Procedure 38.1(g), no statement of facts appears in Appellant's brief. *See* Tex. R. App. P. 38.1(g) ("The brief *must* state concisely and without argument the facts pertinent to the issues or points presented. . . . The statement must be supported by record references." (emphasis added)).

Next, we observe that Appellant's brief contains a single reference to the seven-volume reporter's record. That reference reflects only the jury's guilt–innocence verdict—not the mistrial ruling that is contested on appeal.

Furthermore, as touched on above, Appellant's discussion section fails to set forth any portion of the record related to the complained-of ruling on his motion for mistrial. He provides only the following:

> The effect on the jury from the State's questions regarding the previous charges of assault on the main victim in this case raises the implication that Appellant is a criminal generally and habitually assaults women. Such an implication is inflammatory and highly prejudicial. . . .
>
> Thus, although the trial court issued an instruction to the jury to disregard the prosecutor's question indicating that Appellant had assaulted a women [sic] in another county, the "horse was already out of the barn." . . .

Appellant follows these sentences with citations to cases, but he fails to provide any record references to show what questions he is complaining of.

As we noted in *Solis*, this falls well short of the standards expected of an attorney practicing appellate law in this state. 2026 WL 1614705, at *1. Because Appellant complains of "the prosecutor's question" and not the mistrial motion that

3

was raised during the State's opening statement or the mistrial motion that he asserted during the punishment charge conference, we will discuss the trial court's denial of the mistrial motion that he asserted during the State's questioning of Mother. But we caution counsel not to interpret our decision to analyze the merits in this case as condoning his inadequate briefing.

### III. Mistrial-Motion Discussion[3]

In his sole point, Appellant argues that the trial court abused its discretion by denying his motion for mistrial. Because the mistrial factors show that a mistrial was not warranted, we hold that the trial court did not abuse its discretion by denying Appellant's motion for mistrial.

#### A. Standard of Review

We have previously summarized the standard of review and the factors we balance when reviewing the denial of a motion for mistrial:

> We review the denial of a motion for mistrial for an abuse of discretion; if the ruling was within the zone of reasonable disagreement, we must uphold it. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Sly v. State*, No. 02-23-00198-CR, 2024 WL 2347676, at *3 (Tex. App.—Fort Worth May 23, 2024, pet. ref'd) (mem. op., not designated for publication). A mistrial is warranted only in extreme circumstances of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). When reviewing whether a mistrial was warranted, we balance three factors: (1) the misconduct's severity (the magnitude of the testimony's prejudicial effect); (2) the measures taken to cure the

---

[3]Because Appellant does not raise a sufficiency challenge, we forgo a detailed factual background.

4

misconduct (the efficacy of any cautionary instruction by the judge); and (3) the conviction's certainty absent the misconduct (the strength of the evidence supporting the conviction). *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); *Sly*, 2024 WL 2347676, at *3; *McDonnell v. State*, 674 S.W.3d 694, 699 (Tex. App.—Houston [1st Dist.] 2023, no pet.).

Ordinarily, a prompt instruction to disregard will cure any error associated with an improper question and answer. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000)[ (per curiam)]. Courts presume a jury follows an instruction to disregard unless something in the record contradicts that presumption. *Coble*, 330 S.W.3d at 292–93; *Sly*, 2024 WL 2347676, at *3.

*Hernandez v. State*, No. 02-24-00437-CR, 2025 WL 2458616, at *4–5 (Tex. App.—Fort Worth Aug. 26, 2025, pet. ref'd) (mem. op., not designated for publication).

## B.     What the Record Shows

The complainant, who was seventeen at the time of the trial, testified that Appellant had sexually abused her for months until she disclosed the abuse to her sister in 2018 or 2019. The complainant's sister then disclosed the abuse to Mother, who confronted Appellant, but no action was taken other than Mother's keeping the complainant with her at all times. In 2022, the complainant attempted suicide and went to a mental hospital, where she again disclosed the sexual abuse, and the hospital reported it to the police.

As mentioned in the State's brief, Appellant's complaint on appeal—that the trial court abused its discretion by denying his mistrial motion because the prosecutor allegedly suggested that Appellant had assaulted a woman in another county—does not comport with the basis of his mistrial motion in the trial court. *See generally Clark*

5

*v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (stating that the complaint made on appeal must comport with the complaint made in the trial court; otherwise, the error is forfeited). The only instance in the record when Appellant moved for a mistrial in response to the prosecutor's questions occurred during Mother's testimony:

> Q. Defense brought up [during cross-examination] that something to the effect of you were confronted with something by [the complainant], something that happened once years ago. Is that what you recall from that 2018 conversation? Was it?
>
> A. I'm sorry. Can you explain that just a little bit more?
>
> Q. Sure. Defense brought up that -- insinuating that the conversation referred only to one incident and it had happened years before?
>
> [DEFENSE COUNSEL]: Objection, Your Honor. That's a mischaracterization of the question and response.
>
> THE COURT: I will overrule. You can ask the question.
>
> Q. (BY [THE STATE]) The referring to it as being told on one incident years before, is that accurate to what [the complainant] had told you that night, or [the complainant's sister]?
>
> A. No. It was mentioned it was more than just once.
>
> Q. And was this spoken in terms of past tense, happening in the past, or happening near the time that you were being told?
>
> A. In general time frame.
>
> [DEFENSE COUNSEL]: Objection, Your Honor, this is hearsay.
>
> THE COURT: Okay. I'll sustain the objection to that question and ask you to move on to the next.

[DEFENSE COUNSEL]: We'd ask the jury to be instructed, Your Honor.

THE COURT: The jury will be instructed to disregard the last question and answer.

[DEFENSE COUNSEL]: We would make our final motion. If you would like me to approach, I can put it on the record.

THE COURT: I will let you make it on a break.

After the prosecutor asked for a break while questioning the complainant, Appellant made his mistrial motion as follows:

> At this point, we'd move for a mistrial. The [c]ourt, of course, sustained the [hearsay] objection and then instructed the jury. However, the information that the jury heard from the witness'[s] testimony, that's real tough to unring that bell. It's real tough for a simple instruction to cause 12 folks who are unsophisticated in the law to be able to set that aside, and so we move for the mistrial to protect [Appellant's] rights to a fair trial and due process under both the Texas and the U.S. constitutions, Your Honor.
>
> THE COURT: I will overrule the motion for a mistrial, and you had already said that and the record should reflect the [c]ourt did sustain the objection at the time and gave a curative instruction, but it's overruling the motion for a mistral.

## C. Analysis

It is impossible to discern from the record that the prosecutor's questioning of Mother encompassed Appellant's allegedly assaulting women in another county. A plain reading demonstrates that the prosecutor's questions related to whether there was one incident of sexual abuse of the complainant by Appellant or more than one

7

incident. Accordingly, we conclude that Appellant's complaint on appeal does not comport with his trial-court complaint and that any error is forfeited. *See id.*

Even assuming that Appellant did not forfeit his complaint, we would conclude that the trial court did not abuse its discretion by denying Appellant's motion for mistrial based on our analysis of the mistrial factors:

- Regarding the first mistrial factor—the magnitude of the testimony's prejudicial effect—Mother's testimony was vague and was not so severe as to warrant a reversal. The jury later heard testimony from the complainant that Appellant had sexually abused her for several months before she told her sister about the abuse in 2018 or 2019. Moreover, during the trial, Appellant was also prosecuted for the offense of continuous sexual abuse of a child—a crime that requires two or more acts of sexual abuse. *See* Tex. Penal Code § 21.02(b)(1). Whether there was more than one incident of sexual abuse was relevant to the prosecution of such charge.

- Regarding the second factor, the trial court instructed the jury to disregard, and the prompt instruction cured any error associated with any improper question and answer. *See Ovalle*, 13 S.W.3d at 783. Appellant's only argument on appeal related to this factor is that the "horse was already out of the barn." As noted in our discussion of the first factor, to the extent the horse was out of the barn, it was allowed to be because of the continuous-sexual-abuse charge that was brought against Appellant. Furthermore, as noted by the State, if Mother's responses can be deemed to suggest some extraneous sexual conduct by Appellant, the trial court instructed the jury in its charge that any bad-acts testimony could be considered only for the non-character conforming reasons listed in Rule 404(b) and only if the jury believed beyond a reasonable doubt that Appellant had committed such acts. *See* Tex. R. Evid. 404(b).[4]

---

[4]And as also noted by the State, "Any concern that the jury improperly considered whether . . . [A]ppellant [had] committed extraneous sexual misconduct towards [the complainant] is vitiated by their acquittals [of Appellant] for the offenses of continuous sexual abuse of a child and aggravated sexual assault of a child."

- Regarding the third and final factor, the evidence supporting the conviction was strong even without Mother's complained-of testimony. The record includes the complainant's detailed testimony about the sexual abuse that Appellant had perpetrated against her. *See* Tex. Code Crim. Proc. art. 38.07 (providing that "[a] conviction under Chapter 21 . . . is supportable on the uncorroborated testimony of the victim" when "at the time of the alleged offense[,] the victim was . . . 17 years of age or younger"); *Rodriguez v. State*, No. 02-25-00217-CR, 2026 WL 1355374, at *5 (Tex. App.—Fort Worth May 14, 2026, no pet.) (mem. op., not designated for publication) (holding that complainant's testimony—that appellant had touched her vagina inappropriately—standing alone was sufficient to support appellant's conviction for indecency with a child).

Accordingly, we hold that the trial court did not abuse its discretion by denying Appellant's motion for mistrial, and we overrule his sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 9, 2026

9